MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
90 Park Avenue, Suite 1700
New York, New York 10016
(212) 786-7368 (phone)
(212) 786-7369 (fax)
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| LAURA VILCHIS, | **COMPLAINT** |
| *Plaintiff*, | **05 CV 5359** |
| -against- | **Jury Trial Demanded** |
| BANCO POPULAR NORTH AMERICA | |
| *Defendant*. | **ECF Case** |

-----------------------------------------------------------X

Plaintiff Laura Vilchis, by her attorney, Michael Faillace & Associates, P.C., alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

## NATURE OF ACTION

1.      Plaintiff Laura Vilchis ("Plaintiff" or "Vilchis") brings this action, on behalf of herself and all similarly-situated employees, against Defendant Banco Popular North America ("BPNA" or "Defendant") for its unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law § 650 *et seq.* ("New York Labor Law"). For at least six years prior to the filing of this action, Defendant had and continues to have a policy and practice of requiring its employees in the position of Senior Administrator to work well in excess of forty (40) hours per week. However, Defendant failed to pay overtime wages and other benefits to Plaintiff and other Senior Administrators by intentionally, willfully and improperly designated the position as exempt from

overtime compensation in direct violation of the FLSA and New York Labor Law. Plaintiff now brings this action to recover unpaid overtime premiums, liquidated damages, interest, attorneys' fees, and costs pursuant the FLSA and New York Labor Law.

2.     Plaintiff also seeks to recover damages for violations of her rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), the New York State Executive Law, §290 et seq. (the "Human Rights Law"), and the Administrative Code of the City of New York, §8-107 et seq. (the "City Law").

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 626(c)(1), and 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

4.     Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendant resides in this district and Plaintiff was employed by Defendant in this district.

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

6.     On or about March 21, 2005, Plaintiff filed a Charge of Discrimination against BPNA with the New York District Office of the Equal Employment Opportunity Commission ("EEOC"), Charge No. 160-2005-01573. Plaintiff charged Defendant with unlawful age discrimination in connection with the terms, conditions, and privileges of her employment.

7.     By notice dated April 19, 2005, the EEOC notified Plaintiff of her right to file a civil action against BPNA.

8. This lawsuit has been timely filed within 90 days of Plaintiff's receipt of the EEOC's right-to-sue notice.

9. Prior to filing this Complaint, Plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with N.Y.C. Admin. Code § 8-502(c).

## PARTIES

10. Plaintiff Laura Vilchis, a resident of New Jersey, brings these claims on behalf of herself and in a representative capacity on behalf of similarly situated Senior Administrators. Vilchis worked as a Senior Administrator for Defendant in New York and regularly worked in excess of forty (40) hours per week but did not receive overtime compensation for hours worked in excess of forty (40) per week. Defendant willfully failed to pay Senior Administrators their earned overtime wages.

11. Defendant BNPA is the largest Hispanic bank in the United States and operates over 135 branches in California, Texas, Illinois, New York, New Jersey and Florida, as well as 130 financial services stores under the name of Popular Cash Express. BPNA is a subsidiary of Popular, Inc., a financial holding company with operations in Puerto Rico, the United States, the Caribbean and Latin America. BPNA maintains an office at 120 Broadway, New York, New York 10271.

## FACTUAL ALLEGATIONS

*FLSA Collective Action Claims*

12. There are over 20 former and present Senior Administrators employed by Defendant who are similarly situated to Plaintiff and who were denied overtime compensation

while working for Defendants. Plaintiff is a representative of these other workers and is acting on behalf of their interests as well as her own interest in bringing this action.

13. Similarly situated former and current employees are readily identifiable and locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiff, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

*Laura Vilchis*

14. Vilchis was born in 1956 and is presently 49 years old. She began working for Defendant in 1983 and held a number of different positions within the Commercial Asset Management Group ("CAMG"). Vilchis held the position of Senior Administrator from 1997 until May 31, 2004.

15. As a Senior Administrator, Vilchis's primary duties consisted of routine clerical and otherwise non-managerial functions, and she spent the vast majority of her time performing such tasks. Her job functions consisted of primarily administrative tasks such as preparing reports, copying and organizing files, processing payments, maintaining records, collecting and distributing mail, and creating work logs.

16. In her 2003 review, Defendant listed her six objectives and key responsibilities: (1) Act as a liaison between CAMG and other departments; (2) Log in new loans that are assigned to CAMG. Properly change the risk code when applicable; (3) Prepare monthly reports for senior management on a timely basis. Report possible non-accruals as well as charge offs.

Prepare the Quarterly Reports and the LMR Reports; (4) Conduct collection calls on NJ accounts that are past due; (5) Process all checks received in the department on the same day the come in. Review overdraft reports on a daily basis and inform CAMG officers; and (6) Prepare reconciliation reports for CAMG officers when applicable.

17. Vilchis relied upon and followed a procedure manual to perform many of her duties. She did not regularly exercise discretion and judgment in her work.

18. Vilchis did not direct the work of two or more full-time employees, did not have the authority to hire and fire or make recommendations regarding decisions affecting the employment status of others, and did not regularly exercise a high degree of independent judgment in her work.

19. Vilchis regularly worked over fifty hours per week, and would occasionally work on Saturdays. However, Defendant paid Vilchis a fixed salary regardless of how many hours she worked.

20. Vilchis was a valued employee and performed her job at least competently. In November 1999, Richard L. Carrión, the CEO of Popular Inc., awarded Vilchis the Medal of Excellence for the extraordinary quality and efficiency of her work. Numerous BPNA Vice Presidents complimented her for her hard work and enthusiasm.

21. However, Defendant pressured older workers such as Vilchis to leave the bank. Defendant would issue these targeted individuals unjustified negative performance reviews which would result in a lower annual salary.

22. In addition, Defendant also maintained a policy of terminating at least one of these targeted individuals every month or so. Defendant terminated Vilchis on May 31, 2004.

23. These older workers received smaller severance pay than workers under the age of 40.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act

24. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

25. Defendant is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

26. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

27. Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r). The gross annual income for the enterprise exceeds $500,000.

28. Defendant intentionally failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for each hour worked in excess of forty (40) hours per week in violation of 29 U.S.C. § 201 *et seq*.

29. Defendant's failure to pay Plaintiff premium overtime was willful within the meaning of 29 U.S.C. § 255(a).

30. Plaintiff has been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### New York State Labor Law

31. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

32. Defendant intentionally failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for each hour worked in excess of forty (40) hours per week in

violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

33. Defendant's failure to pay Plaintiff premium overtime was willful within the meaning of N.Y. Lab. Law § 663.

34. Defendant failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

35. Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### The Age Discrimination in Employment Act of 1967

36. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

37. At all times relevant to this Complaint, Defendant was engaged in an industry affecting commerce as defined in § 11(h) of the ADEA, 29 U.S.C. § 630(h).

38. At all times relevant to this Complaint, Defendant has employed 20 or more employees for each working day in each of 20 or more calendar weeks in the preceding calendar year. Defendant was and is, therefore, an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

39. Defendant intentionally discriminated against Plaintiff by subjecting her to disparate treatment on account of her age and by denying her the more favorable compensation, terms, conditions, and privileges of employment enjoyed by similarly-situated employees who are substantially younger than Plaintiff.

40. Defendant acted willfully and in reckless disregard of Plaintiff's rights.

41. Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Violation of the New York State Human Rights Law

42. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43. Defendant is an employer within the meaning of the New York State Human Rights Law.

44. Defendant wrongfully discriminated against Vilchis because of her age, contrary to the New York Human Rights Law, N.Y. Exec. L. § 296.

45. In discriminating again Vilchis because of her age, Defendant and its agents and employees knew and acted in deliberate disregard of Vilchis's lawful civil rights.

46. Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Violation of the New York City Human Rights Law

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. Defendant is an employer within the meaning of the New York City Human Rights Law.

49. Defendant wrongfully discriminated against Vilchis because of her age, contrary to the New York City Human Rights Law, N.Y.C.A.C. § 8-107.

50. In discriminating against Vilchis because of her age, Defendant and its agents and employees knew and acted in deliberate disregard of Vilchis's lawful civil rights.

51. Plaintiff has been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Authorizing the issuance of notice at the earliest possible time to all employees of Defendants who were employed by Defendants as Senior Administrators at any time during the three years prior to the filing of this lawsuit. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt-in to this lawsuit if they were employed by Defendants after June 3, 2002 and worked in excess of forty hours in one week but were not paid overtime as required by state and federal labor laws;

(b) Declaring that Defendants have violated the minimum wage and overtime provisions of the Fair Labor Standards At and New York Labor Law, as to Plaintiff;

(c) Declaring that Defendants' violations of the Fair Labor Standards Act and New York State Labor Law were willful;

(d) For unpaid overtime wages under the FLSA and New York Labor Law;

(e) For liquidated damages in an amount equal to the unpaid overtime compensation owed pursuant to 29 U.S.C. § 216(b);

(f) For liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of unpaid overtime compensation shown to be owed pursuant to § 198 of the New York Labor Law;

(g) Back pay, in an amount to be determined at trial; front pay, including the value of all benefits, in an amount, not less than $500,000, and compensatory damages in an amount, not less than $250,000, to be determined at trial;

(h) Liquidated damages in an amount equal to twice Plaintiff's backpay losses as authorized by the ADEA;

(i) Punitive damages to punish and deter Defendant from future acts of employment discrimination in an amount authorized by City Law;

(j) For prejudgment interest;

(k) For reasonable attorneys' fees, together with the costs and expenses incurred in this action; and

(l) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: New York, New York
       June 3, 2005

>                                    MICHAEL FAILLACE & ASSOCIATES, P.C.
>
>
>                                    By: _____/s/_____
>                                        Michael Faillace [MF-8436]
>                                        90 Park Avenue, Suite 1700
>                                        New York, New York 10016
>                                        (212) 786-7368 (phone)
>                                        (212) 786-7369 (fax)
>                                        *Attorneys for Plaintiff*

CERTIFICATE OF SERVICE BY HAND

STATE OF NEW YORK      )
                       )      ss.:
COUNTY OF NEW YORK     )

1. I am not a party to this action, am over 18 years of age and employed by MICHAEL FAILLACE & ASSOCIATES, P.C., 90 Park Avenue, Suite 1700, New York, New York 10016.

2. I hereby certify that I caused to be served a true and correct copy of the Complaint on this 6th day of June 2005 on the following:

> New York City Commission of Human Rights
> 40 Rector Street, 10th Floor
> New York, New York 10006
>
> Corporation Counsel of the City of New York
> 100 Church Street, 4th Floor
> New York, New York 10007

3. I made such service by personally delivering a true copy of the aforementioned document to Georgia Shinaul, at the above stated address, who stated that she was authorized to accept service on behalf of the New York City Commission of Human Rights.

4. I made such service by personally delivering a true copy of the aforementioned document to Linda Lawyer, Process Clerk, at the above stated address, who stated that she was authorized to accept service on behalf of the Corporation Counsel of the City of New York.

                                                      /s/
                                              _____
                                                  Daniel Fojas

_____

Notary Public